1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHELLE LEE,                                No.  2:14-cv-1270-EFB

12              Plaintiff,

13        v.                                      ORDER TO SHOW CAUSE

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15
                Defendant.
16

17

18        This is a petition for judicial review of an Administrative Law Judge's decision denying

19   her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security

20   Act.  As explained below, it is not clear from the record whether this court has subject matter

21   jurisdiction.

22        Plaintiff filed an application for SSI on October 4, 2005, alleging that she had been

23   disabled since November 6, 1999.  Administrative Record ("AR") 60-63.  Her application was

24   denied initially and upon reconsideration.  *Id*. at 49-53, 55-59.  A hearing was held before

25   administrative law judge ("ALJ") Mark Ramsey, *id*. at 509-557, and he issued his decision on

26   September 8, 2008, finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.

27   *Id*. at 25-36.  Plaintiff's request for review by the Appeals Council was denied on July 29. 2010.

28   *Id*. at 6-9.  Plaintiff then sought judicial review in this court.  On January 25, 2012, a judge of this

                                          1

court remanded the case to the Commissioner for further administrative proceedings. *Id*. at 572-575L.

On remand, the Appeals Council vacated the earlier decision and remanded the matter to an ALJ for further proceedings.  A further hearing was held and the ALJ issued a new decision on January 27, 2014, again finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act. *Id*. at 561-570E.  Plaintiff again sought judicial review, initiating this civil action on May 23, 2014.  However, there is nothing in the petition or the record to indicate whether plaintiff sought review with the Appeals Council before initiating this suit.  This open question is jurisdictional.

As a sovereign, the United States is immune from suit except according to its consent to be sued. *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).  It necessarily follows where Congress waives the immunity of the United States any terms and conditions that it places on the waiver are jurisdictional and must be strictly construed. *See Block v. North Dakota ex rel. Board of Univ. and School Lands*, 461 U.S. 273, 287 (1983); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

42 U.S.C. § 405(g) provides a limited waiver of sovereign immunity by permitting district courts to review a "final decision" of the Commissioner of Social Security.[1]  A claimant may obtain a final decision from the Commission only by proceeding through all stages of the administrative appeals process. *Bowen v. City of New York*, 476 U.S. 467, 482 (1986).  The stages of the appeals process consists of: 1) initial determination; 2) reconsideration; 3) hearing before an ALJ; and 4) Appeals Council review.  Only upon the Appeals Council issuing a decision or declining review may a claimant seek review in a federal district court.  20 C.F.R. § 404.981.

/////

_____

[1]  42 U.S.C. § 405(g) provides in pertinent part: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."

1    In the instant action, the Commissioner has lodged with the court an administrative

2    transcript and the parties have filed cross motions for summary judgment.  But none of those

3    documents indicate whether plaintiff sought review from the Appeals Council.  Further, after

4    searching the approximately 1,300 page administrative record, the court is unable to locate any

5    document indicating that plaintiff sought review from the Appeals Council.  Thus, it cannot be

6    discerned from the record whether this court has jurisdiction to review the ALJ's January 27,

7    2014 decision.

8    Accordingly, it is the ORDERED that within 7 days of the date of this order, plaintiff shall

9    show cause, in writing, why this action should not be dismissed for lack of jurisdiction.  Plaintiff

10   is admonished that failure to comply with this order will result in dismissal of this action.

11   DATED:  September 9, 2015.

12

13                                     EDMUND F. BRENNAN
                                       UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3