UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE LEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　Defendant. | No.  2:14-cv-1270-EFB<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  The parties' cross-motions for summary judgment are pending.  For the reasons discussed below, plaintiff's motion is denied and defendant's motion is granted.

I.   BACKGROUND

Plaintiff filed an application for SSI on October 4, 2005.  Administrative Record ("AR") 60-63.  Her application was denied initially and upon reconsideration.  *Id.* at 49-53, 55-59.  A hearing was subsequently held before administrative law judge ("ALJ") Mark Ramsey.  *Id.* at 509-557.  Plaintiff was represented by counsel at the hearing, at which she testified.  *Id.*  On September 8, 2008, the ALJ issued a decision finding that plaintiff was not disabled under section

1614(a)(3)(A) of the Act.[1]  *Id.* at 25-36.  Plaintiff sought review with the Appeals Council, which denied review.  *Id*. at 6-9.  Plaintiff sought review in the United States District Court for the Eastern District of California, and on January 25, 2012, the court remanded the case for further administrative proceedings.  *Id*. at 572-575L.

     Upon remand, a second hearing was held before the ALJ, at which plaintiff and a vocational expert ("VE") testified.  *Id*. at 1222-1280.  On January 27, 2014, the ALJ issued a decision, again finding that plaintiff was not disabled under section 1614(a)(3)(A) of the Act.  *Id*. at 563-570E.  The ALJ made the following specific findings:

/////

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

    The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

1. The claimant has not engaged in substantial gainful activity since October 4, 2005, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: osteoarthritis, hypertension, degenerative disc disease of the cervical and lumbar spine, obesity, and a mood disorder (20 CFR 416.920(c)).

* * *

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

* * *

4. After careful consideration of the entire record, the undersigned finds that, from October 4, 2005, to February 2, 2009,[2] the claimant had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b), except that the claimant was able to perform simple unskilled work without frequent public contact.

* * *

5. The claimant has no past relevant work (20 CFR 416.965).

* * *

6. The claimant was born on September 26, 1955 and was 50 years old, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity from October 4, 2005, to February 2, 2009, there were jobs that existed in significant numbers in the national economy that the claimant could perform (20 CFR 416.969 and 416.969(a)).

---

[2] The ALJ's decision explains that prior to this court remanding the case to the Social Security Administration for further proceedings, plaintiff filed an another application for SSI benefits and had been found to be disabled beginning February 3, 2009. AR 561; *see* AR 630-649. Accordingly, the only issue for the ALJ on remand was determining whether plaintiff was under a disability between October 4, 2005, and February 3, 2009.

3

\* \* \*

> 10. The claimant was not been under a disability, as defined in the Social Security Act, from October 4, 2005, the date the application was filed, to February 2, 2009 (20 CFR 416.920(g)).

*Id.* at 564-570D.

Plaintiff did not subsequently file a written exception to the ALJ's decision, and the Appeals Council did not exercise its discretion to assume jurisdiction.[3] ECF No. 22 at 3. Accordingly, the ALJ's January 14, 2014 decision is the final decision of the Commissioner. 20 C.F.R. § 416.1484(d).

II.   LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational

---

[3] Once an ALJ issues a decision after remand from the district court, the plaintiff has 30 days to file exceptions with the Appeals Council, requesting the Appeals Council review the ALJ's decision. 20 C.F.R. § 416.1484(b). Even where the plaintiff declines to file exceptions, the Appeals Council may, within 60 days of the decision, *sua sponte*, assume jurisdiction of the case. 20 C.F.R. § 416.1484(b). "If no exceptions are filed and the Appeals Council does not assume jurisdiction of your case, the decision of the administrative law judge becomes the final decision of the Commissioner after remand." 20 C.F.R. § 416.1484(d).

1 | interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."
2 | *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

3 | III.    ANALYSIS

4 |     Plaintiff argues that the ALJ erred in discrediting her testimony without providing legally
5 | sufficient reasons.  ECF No. 18 at 4-16.

6 |     In evaluating whether subjective complaints are credible, the ALJ should first consider
7 | objective medical evidence and then consider other factors.  *Bunnell v. Sullivan*, 947 F.2d 341,
8 | 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of impairment, the ALJ may
9 | then consider the nature of the symptoms alleged, including aggravating factors, medication,
10 | treatment and functional restrictions.  *See id.* at 345-347.  The ALJ also may consider: (1) the
11 | applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent
12 | testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a
13 | prescribed course of treatment, and (3) the applicant's daily activities.  *Smolen*, 80 F.3d at 1284.
14 | Work records, physician and third party testimony about nature, severity and effect of symptoms,
15 | and inconsistencies between testimony and conduct also may be relevant.  *Light v. Soc. Sec.*
16 | *Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly
17 | debilitating medical problem may be a valid consideration by the ALJ in determining whether the
18 | alleged associated pain is not a significant nonexertional impairment.  *See Flaten v. Secretary of*
19 | *HHS*, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may rely, in part, on his or her own
20 | observations, *see Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot
21 | substitute for medical diagnosis.  *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990).
22 | "Without affirmative evidence showing that the claimant is malingering, the Commissioner's
23 | reasons for rejecting the claimant's testimony must be clear and convincing."  *Morgan*, 169 F.3d
24 | at 599.

25 |     In a functional report, plaintiff alleged difficulty with personal care due to pain.  AR 113.
26 | She stated that her daughter cooked for her and helped her bathe and dress.  *Id*.  She also stated
27 | she prepared her own meals a couple times a week; she would go shopping with her daughter; and
28 | she could only walk one block before she would need a 20-30 minute rest.  *Id*. at 114-117.

Plaintiff testified at the hearing that she stopped working as a housekeeper because she couldn't stay on her feet long; she could not change her bedding, vacuum, mop or scrub her bathroom except on rare occasions; she would go to church a couple times a month; and would go grocery shopping once a month with her daughter. *Id.* at 1231-1235. Plaintiff also testified she would go for a 30 minute walk two to three times a week, she would get together with her friends for lunch, and she would go swimming with friends as part of a "disability swimming class" at her college where participants would "get in the pool to kind of help our bodies some." *Id.* at 1236-1239.

The ALJ found that plaintiff's testimony concerning the intensity, persistence and limiting effects of her impairments were not fully credible. AR 570B. The ALJ first observed that despite plaintiff's allegations of disabling impairments, she was able to perform a number of activities of daily living. *Id*. Plaintiff argues, however, that her reported daily activities do not demonstrate an ability to perform work eight hours a day five days a week, and therefore the ALJ's reliance on her daily activities does not support the credibility determination. ECF No. 18 at 9-11.

Although plaintiff generally described limited activities, the court nevertheless finds that the ALJ properly found that plaintiff's reported activities did not support her allegations concerning the intensity, persistence, and limiting effects of her impairments. As noted above, plaintiff testified she would walk for 30 minutes two to three times a week, go grocery shopping, and go swimming and out to lunch with friends. Furthermore, plaintiff reported to a Dr. Cushman, an examining physician, that she cleans up after herself, does her own dishes and washes her own clothing, and that she always prepares her own food on weeknights. AR 240, 242. The ability to perform these daily activities is inconsistent with plaintiff's claim that she experienced debilitating impairments that precluded her from being on her feet for an extended period of time and walking more than a block without first taking a 20-30 minute break, and that her impairments significantly interfere with her ability to independently complete house work and personal care. The ALJ permissibly relied on this inconsistency in finding that plaintiff was not as limited as alleged. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

The ALJ also specifically observed that plaintiff's alleged inability to walk more than a block was inconsistent with the medical record as a whole, including the opinions from examining physician Dr. Sun and state agency medical consultants. AR 570B. Dr. Yang Sun performed a comprehensive internal medicine evaluation. *Id.* at 233-237. Based on her examination, Dr. Yan concluded that plaintiff retained the capacity to stand and walk for six-hours in an eight hour workday. *Id.* at 237. A state agency reviewing physician similarly concluded that plaintiff could stand and walk for six hours in an eight-hour workday. *Id.* at 290. Although the ALJ may not rely on an inconsistency with medical evidence as the sole basis for his credibility determination, it is a factor that may be considered. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Accordingly, the ALJ permissibly relied on these physicians' findings in giving reduced weight to plaintiff's credibility.

Accordingly, the court finds that the ALJ gave clear and convincing reasons for rejecting plaintiff's testimony concerning the extent of her limitations.

IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;

2. The Commissioner's motion for summary judgment is granted; and

3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: September 30, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE